UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| LARRY D. RICHARDS,<br><br>        Plaintiff,<br><br>    v.<br><br>MICHAEL ASTRUE, Commissioner of Social Security Administration,<br><br>        Defendant. | CASE NO. C06-1211-MJP-MJB<br><br>REPORT AND RECOMMENDATION |

### **REPORT AND RECOMMENDATION**

Plaintiff Larry D. Richards appeals to the District Court from a final decision of the Commissioner of the Social Security Administration (the "Commissioner") denying his application for Social Security Disability Insurance benefits under Title II of the Social Security Act. For the reasons set forth below, it is recommended that the Court AFFIRM the decision of the Commissioner of the Social Security Administration.

I.    PROCEDURAL HISTORY

Plaintiff applied for disability insurance benefits, alleging onset beginning April 30, 1992. Tr. 27-29. His claim was denied on July 11, 2003 and upon reconsideration, October 14, 2003. Tr. 36-37. A hearing was held before Administrative Law Judge ("ALJ") Thomas Robinson on September 12, 2005. Tr. 15, 42. Plaintiff was represented by counsel and testified at the

hearing. Tr. 450-503. A vocational expert, Robert Fromhader, appeared but did not testify. On April 4, 2006, the ALJ issued an unfavorable decision. Tr. 24. The Appeals Council denied Plaintiff's request for review, thereby making the ALJ's decision the final decision of the Commissioner. Tr. 5-7. Plaintiff filed a timely appeal with this Court.

II.     THE PARTIES' POSITIONS

The Plaintiff presents two issues in a brief memorandum: 1) whether doctor reports dated after the last day insured should be considered by the Administrative Law Judge when making a disability decision, and 2) whether the Administrative Law Judge undervalued Plaintiff's testimony and other evidence as it relates to credibility. Dkt. No. 10. The Commissioner argues that there has been no showing of legal error and the record supports the ALJ's findings with substantial evidence.

III.    STANDARD OF REVIEW

This Court may set aside the Commissioner's denial of social security disability benefits when the ALJ's findings are based on legal error or are not supported by substantial evidence in the record as a whole. *Penny v. Sullivan*, 2 F.3d 953, 956 (9th Cir. 1993). Substantial evidence is defined as more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Magallanes v. Bowen,* 881 F.2d 747, 750 (9th Cir. 1989).

IV.     EVALUATING DISABILITY

The claimant bears the burden of proving that he is disabled. *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999). Disability is defined as the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. § 1382c(a)(3)(A)(1992).

The Social Security regulations set out a five-step sequential evaluation process for

determining whether a claimant is disabled within the meaning of the Social Security Act. See 20 C.F.R. § 404.1520(b)(2000). The claimant must establish that he is not engaging in any substantial gainful activity and has one or more severe impairments. Next, the Commissioner will determine whether the claimant's impairment meets or equals any of the listed impairments described in the regulations. See *id*, §(d). If the claimant's impairment neither meets nor equals one of the impairments listed in the regulations, the Commissioner evaluates the claimant's residual functional capacity and the physical and mental demands of the claimant's past relevant work. If he is not able to perform his past relevant work, the burden shifts to the Commissioner to show that the claimant can perform some other work that exists in significant numbers in the national economy, taking into consideration the claimant's residual functional capacity, age, education, and work experience. *Tackett v. Apfel*, 180 F.3d 1094, 1100 (9th Cir. 1999). If the Commissioner finds that the claimant is unable to perform other work, then he is found disabled.

V.   BACKGROUND

Plaintiff injuries stem from sustained overhead lifting of a concrete 4-inch pump chute in December 1991. Tr. 412. His education included earning a equivalency diploma (GED) and completing two years of college. Tr. 23, 96. His past work included delivery truck driver, carpenter and pipe fitter, and he last worked in August 1997. Tr. 17, 22, 91, 104. He was 50 years old on the date he was last insured. Tr.57.[1]

//

//

---

[1] Plaintiff appears to concede to the Commissioner's argument that Plaintiff is specifically precluded from a finding of disability for a portion of the insured period. The Commissioner relied upon 20 CFR §404.1520(a)(4)(i)&(b) to support the ALJ's finding that Plaintiff had performed substantial gainful activity after his alleged date of disability. Dkt. No. 12 at 3. The earnings amounts for 1996 and 1997 show that in both years Plaintiff earned more than the allowable wage (under $500.00) and thereby was ineligible. 20 CFR §404.1574(b)(2). Tr. 70.

Page 3 of 8

## VI. DISCUSSION

### A. The ALJ's Decision

The ALJ found that Plaintiff met the insured status requirements of the Social Security Act from 1992 through December 1998. Tr. 17. The ALJ considered the Plaintiff's claims of degenerative disc disease of the cervical spine, pain in the right lateral arm diagnosed as epicondylitis, and chest pain in 1993. Tr. 18. From the ALJ's review of the record, the degenerative disc disease was the only condition that was a severe impairment. *Id*. He found that the epicondylitis condition did not last twelve continuous months and that the record of reported chest pain was only for August 1993 and that no further "diagnosis" of chest pain was in the record for the insured period. *Id*. Finally, the ALJ also considered a personality disorder not otherwise specified with a GAF of 75 and found it to be a mild impairment and not severe. *Id*.

The ALJ found that the single medical condition of degenerative disc disease did not meet the severity of any listed impairment, nor equal any medical listing in Appendix 1. Tr. 19. The ALJ made a residual functional capacity ("RFC") assessment that medical reports "consistently" show that Plaintiff is limited to sedentary to light level of physical exertion, "with occasionally lifting 10 pounds and seldom lifting 15 pounds while avoiding use of his arms with weight loads." *Id*.

In reliance upon independent medical evaluations and an examination of the Plaintiff in June, 1994, Drs. Robert H. Price, William Furrer, Jr., and Seth Cohen concluded that Plaintiff "is capable of gainful employment on a reasonably continuous basis" and that there are some limits if he does carpentry work. *Id*. As of September, 1996, Dr. Robert Smith, found Plaintiff to be "substantially impaired from normal carpentry activities." Tr. 20.

Finally, the report of Robert Haskins, M.D., an examining medical consultant, found that the "claimant was able to do light work, to lift and carry 20 pounds occasionally and 10 pounds frequently." From this the ALJ concluded that Plaintiff's ability in 2003 gave credence to the

assessment of his abilities in 1998, the time period he was last insured. *Id*.

### B. Consideration of Medical Evaluations after the Period of Disability Coverage

Plaintiff claims that at the hearing before the ALJ he sought to introduce a medical report by Dr. Eric Smith which included an observation of the Plaintiff's dislocated rib cage. Dkt. No. 10 at 2. This report was dated June 2002 after the Plaintiff's last date insured, December 1998. Plaintiff argues that this report corroborates Plaintiff's severe pain as described in his earlier medical reports, though Dr. Smith was the first to observe the dislocation. *Id*. Plaintiff cites *Caviness v. Massanari*, 250 F.3d 603 (8th Cir. 2001), to show that this court may consider the relevance of post-insured medical evidence. The Commissioner argues that the ALJ considered evidence of Plaintiff's condition after his insurance lapsed. Dkt. No. 10 at 7. The record supports this where the ALJ states, "Even after his date last insured, the medical records confirmed the claimant's ability to perform work up to the light level." Tr. 20, 403. Treatment records from Monlux Health Center where Plaintiff received physical therapy during the insured period of 1994 show more limited ability to lift and carry. Thus, the 2002 records show improvement over time, not disability. Tr. 431.

Additionally, the Commissioner argues that the June 2002 report does not establish that Plaintiff had reaching limitations *while* insured, nor was the fact of rib subluxation evidenced in Plaintiff's earlier complaints. Dkt. No. 12 at 4-5. In fact, the Commissioner argues that a failure to report symptoms or limitations to [one's] treatment providers is a legitimate consideration in determining the credibility of Plaintiff's complaints. *Greger v. Barnhart*, 464 F. 3d 968, 972 (9th Cir. 2006). The ALJ cites to the record of medical reports from 1993 to 1996 by three different physicians where only one identified Plaintiff's complaints of chest pain as "vague and *only* intermittent." Tr. 18. (Emphasis added.) The record shows a report dated August, 1993 which reads, "The pt has complaints of anterior chest pain intermittently. He states that he can push his ribs make them pop and relieve this pain. There is pain at the base of his ribs just below the

Page 5 of  8

costochrondal margin. This is not present at this time." Tr. 202, 411. There is no other reference in the medical records of chest pain, until Dr. Eric Smith's June, 2002 report. Accordingly, the Commissioner is correct that this report does not sufficiently demonstrate that this condition in 2002 relates back to the period when Plaintiff was last insured. This absence of reporting is notable in that the condition is reported only once in a five-year period, although Plaintiff was seen in two different clinics for orthopedic treatment of injury-related conditions specifically affecting his ability to work.

### C. Plaintiff's Credibility

Plaintiff claims that the ALJ failed to properly consider medical evidence when determining Plaintiff's credibility. Dkt. No. 10 at 2. This argument essentially repeats the first claim that Dr. Eric Smith's report of Plaintiff's subjective complaints about pain should have been considered. Dkt. No. 10 at 3. Plaintiff also asserts that the ALJ's consideration of the gap in medical history for 1996 through 1998 was not proper justification for discrediting his testimony. *Id*.

The Commissioner argues that the ALJ noted that the claimed degree of limitation was contrary to the medical evidence. "Where objective medical findings establish the existence of medical impairment, but a claimant testifies that [he] experiences pain at a higher level, the [adjudicator] is free to disbelieve that testimony. The [adjudicator] must, however, make a specific and justifiable finding that the claimant's testimony is not credible." *Macri v. Chater*, 93 F.3d 540, 544 (9th Cir. 1996) *citing* <u>Magallanes</u>, 881 F.2d at 755.[2]  The ALJ must employ

---

[2] The internal administrative social security rulings ("SSR") outline factors which the ALJ should consider in evaluating a claimant's subjective symptom testimony. See SSR 96-7p. These factors are: daily activities; the location, duration, frequency, and intensity of any pain or other symptoms; precipitating and aggravating factors; the type, dosage, effectiveness, and side-effects of any medication taken to alleviate pain or other symptoms; treatment, other than medication, for relief of pain or other symptoms; any measures used by the claimant to relieve pain or the symptoms; and other factors concerning the claimants functional limitations and restrictions due

Page 6 of 8

ordinary techniques of credibility evaluation, considering such factors as the claimant's reputation for truthfulness; inconsistencies within the claimant's testimony, or between the claimant's testimony and the claimant's conduct; a lack of candor by the claimant regarding matters other than the claimant's symptoms; the claimant's work record; and information from physicians, relatives, friends, or others concerning the nature, severity, and effect of the claimant's symptoms. *See Light v. Social Security Administration*, 119 F.3d 789, 792 (9th Cir. 1997)(citations omitted).

The absence of medical records for over two years appears significant in the ALJ's consideration of the Plaintiff's credibility. Tr. 21. Also probative in determining Plaintiff's credibility was the finding that he was engaged in significant gainful activity ("SGA") from January 1997 though August 1997. This SGA period contains no medical reports of sustained or worsening physical problems. The absence of medical treatment for more than one year, which the Plaintiff concedes, does considerable damage to the Plaintiff's veracity, nothwithstanding the more recent medical reports of Dr. Eric Smith.

Additionally, as the Commissioner points out, lack of consistent treatment and the amount of treatment is, "an important indicator of the intensity and persistence of [Plaintiff's] symptoms." 20 CFR § 404.1529(c)(3). Dkt. No. 12 at 11. The condition of rib subluxation appears to be one for which medical attention or physical therapy would be sought if it is as painful as it is described.

Less significant here is the Plaintiff's daily activities, inasmuch as his questionnaire was prepared in 2003 and thereby bears little relevance to his condition in 1992 through 1998. However, the ALJ considered his daily activities as they may be affected by Plaintiff's chest pain, and his inability to pull anything or "[being] prevented from doing stupid normal things." Tr. 20. In this Court's view, the record of Plaintiff's daily activities is not inconsistent with the ALJ's

---

to pain or other symptoms.

Page 7 of 8

finding of non-disability. Plaintiff lists the preparation of his own meals, his own grocery shopping, and engaging in some yard work, although he have others do his other daily chores and he is prevented from chopping or carrying firewood. Tr. 112-3.

The existence of a medical impairment of rib subluxation was not found until 2002 and thus, after the period Plaintiff's was last insured. The ALJ's reliance upon the reports of the opinions of the physical therapist and doctors which indicated that Plaintiff could perform sedentary to light work in 1996 is significant by comparison. Tr. 21, 22. The records of physical therapist William Monlux and Dr. Robert Smith bear out the ALJ's conclusion that the Plaintiff could do sedentary to light work. Tr. 426-431. The independent medical examiners Drs. William Furrer (orthopedist) and Robert Price (neurologist) also concluded that by June 1996, that Plaintiff was capable of full employment having only a 2% permanent partial physical impairment of the right upper extremity. Tr. 319. The Commissioner is correct that this record supports affirming the ALJ's decision denying benefits.

VII. CONCLUSION

The Commissioner's determination to deny Larry D. Richards disability benefits is supported by substantial evidence and free of legal error. The undersigned, therefore, recommends that the Commissioner's decision be AFFIRMED.

DATED this 8th day of June, 2007.

_____
Monica J. Benton
U.S. Magistrate Judge